FILED

AUG 1 3 2014

CIVIL/FAMILY DIVISION
DEPT. OF COURT RECORDS
ALLEGHENY COUNTY, PA.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| ARQUITA COLEMAN, | CIVIL DIVISION |
| Plaintiff, | No. GD14-14128 |
| v. | Code: 011 |
| UPMC SHADYSIDE, | **COMPLAINT IN A CIVIL ACTION** |
| Defendant. | Filed on Behalf of:<br>Plaintiff, Arquita Coleman |

Counsel of Record for this Party:

Erin K. Rudert, Esquire
PA ID No. 200432
erin@lawkm.com
KRAEMER, MANES & ASSOCIATES LLC
U.S. Steel Tower, Suite 660
600 Grant Street
Pittsburgh, PA 15219
(412) 626-5590

**JURY TRIAL DEMANDED.**



EXHIBIT 1

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| ARQUITA COLEMAN, | CIVIL DIVISION |
| Plaintiff, | CASE NO. _____ |
| v. | |
| UPMC SHADYSIDE, | |
| Defendant. | |

### NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE, The Allegheny County Bar Association
11th Floor Koppers Building, 436 Seventh Avenue
Pittsburgh, Pennsylvania 15219
Telephone: (412) 261-555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

ARQUITA COLEMAN,                                                CIVIL DIVISION

    Plaintiff,                                                          CASE NO. _____

    v.

UPMC SHADYSIDE,

    Defendant.

## COMPLAINT IN A CIVIL ACTION

AND NOW, comes the Plaintiff, Arquita Coleman, by and through her attorney, Erin K. Rudert, Esquire, and files this Complaint in a Civil Action, alleging the following in support thereof:

1. Plaintiff, Arquita Coleman, is an adult individual residing at 3242 Richardson Avenue, Pittsburgh, Allegheny County, Pennsylvania 15212.

2. Defendant, UPMC Shadyside, is a Pennsylvania business entity, with its principle place of business located at 5230 Centre Avenue, Pittsburgh, Allegheny County, Pennsylvania 15232.

3. Defendant is an "employer" within the meaning of the Uniformed Services Employment and Reemployment Rights Act ["USERRA], 38 U.S.C. § 4304(4), and was likewise a covered entity under the Pennsylvania Military Affairs Act ["PMAA"], 51 Pa.C.S. § 7309.

4. At all times relevant hereto, Plaintiff was a member of a "uniformed service" and a member of a "reserve component of the armed forces," that being the Army National Guard.

5. Plaintiff was employed at UPMC Shadyside from May 25, 2011 through February 2014 as a full time patient care technician.

6. From January 23, 2013, through April 15, 2013, Plaintiff was on mandatory deployment to Ft. Leonard Wood for initial active duty for training, including basic training and advanced individual training.

7. In March 2013, while in the line of duty of basic training at Ft. Leonard Wood, Plaintiff sustained a left pelvic stress fracture, which resulted in her returning home on April 15, 2013.

8. In April 2013, Plaintiff returned to work at UPMC Shadyside with work restrictions secondary to the injury she suffered while in the line of duty. Plaintiff's medical restrictions required her to have light duty work.

9. Plaintiff advised Defendant of her injury while in the line of duty and her medical restrictions therefrom. Plaintiff further advised Defendant that she would be required to return to active duty to complete her training when she was fully recovered from her injury.

10. Plaintiff's position with UPMC Shadyside as a patient care technician was classified as a medium duty position. She was offered alternative full time employment activities at the same rate of pay from April 2013 through January 2014, but was never placed in a permanent light duty position.

11. Plaintiff's treatment and work restrictions were managed through UPMC Work Partners. At all times, Plaintiff saw her treating physician and attended medical appointments as necessary.

12. On January 16, 2014, Plaintiff's work restrictions were continued by her physician for a period of two to three months, and she was referred for additional physical therapy for her

ongoing medical condition. Her work restrictions were similar to those restrictions placed on her from April 2013 through January 2014.

13. Plaintiff submitted her updated doctor's restrictions to UPMC Shadyside in January 2014, which restrictions advanced her to a medium duty status but still did not permit her to perform all of the functions of her positions as a patient care technician.

14. On January 24, 2014, Plaintiff received notice from Defendant that no work was available for her and she would be notified when work became available.

15. Plaintiff was off work for approximately one month, through the end of February 2014, during which time she was not called back to work with Defendant nor was any work offered to her or made available to her.

16. As work was not forthcoming from Defendant, Plaintiff applied for other positions in order to have some form of employment and income. The only light duty work available to Plaintiff within her restrictions was a part time position with UPMC Mercy.

17. Plaintiff was required to resign her full time position with Defendant in order to accept the part time position offered to her. Plaintiff has continued to search for full time work, but has not received any offers of employment for a full time position that she is able to perform within her restrictions.

18. Defendant intentionally or recklessly failed to provide Plaintiff with appropriate employment following her injury in the line of duty, resulting in Plaintiff being forced to seek alternative employment.

19. As a direct result of Defendant's conduct, Plaintiff suffered, and continues to suffer, lost wages and benefits, and has suffered a loss of earning capacity.

20. As a direct result of Defendant's conduct, Plaintiff suffered, and continues to suffer, severe and extreme emotional distress, including physical manifestations of the distress.

21. As a direct result of Defendant's conduct, Plaintiff suffered personal losses secondary to the loss of income, including the loss of her car, the inability to continue her education toward her nursing degree, and potentially the loss of her residence.

22. As a direct result of Defendant's conduct, Plaintiff suffered embarrassment, humiliation, and damage to her reputation.

## Count I

### USERRA Termination/Discrimination

23. Paragraphs 1 through 22 of this Complaint are incorporated by reference as if set forth at length herein.

24. Defendant is an employer within the meaning of USERRA.

25. Plaintiff's military service was a motivating factor in Defendant's failure to accommodate Plaintiff's work restrictions and to provide Plaintiff with modified duties to accommodate her work restrictions.

26. Defendant provided light duty work or work accommodations to other employees with no military affiliation, and such work was available should Defendant have elected to provide it to Plaintiff. Defendant's failure to accommodate Plaintiff specifically, while accommodating other employees, had a disparate impact on Plaintiff.

27. Defendant effectively terminated Plaintiff in violation of § 4311(a) of USERRA by failing to provide her with full time employment, as Plaintiff had no alternative but to seek a new position as she needed income.

28. Defendant acted willfully or recklessly in violating § 4311(a) of USERRA.

29.  As a result of the violation of her rights under § 4311(a), Plaintiff suffered a loss of earning capacity, lost wages, lost benefits, and other remuneration connected to her employment and/or employment opportunities with UPMC Shadyside.

WHEREFORE, Plaintiff requests damages in an amount in excess of the mandatory arbitration limits of Allegheny County, including lost wages, benefits, liquidated damages, reinstatement, and any other equitable relief as may be necessary to vindicate fully the rights and benefits to which Plaintiff is entitled under USERRA, including attorney's fees, litigation expenses, interests, and costs.

A JURY TRIAL IS DEMANDED.

### Count II

### USERRA Reemployment Violation

30.  Paragraphs 1 through 29 of this Complaint are incorporated by reference as if set forth at length herein.

31.  Defendant failed to reemploy Plaintiff in accordance with § 4313(a)(1) and/or § 4313(a)(3) by failing to provide Plaintiff with continuous employment in the position she held prior to her period of deployment and/or by failing to provide Plaintiff with any other position of equivalent seniority, status, or pay, that Plaintiff was capable of performing within her work restrictions necessitated by the injury suffered in the line of duty.

32.  As a result of this violation, Plaintiff suffered a loss of earning capacity, lost wages, lost benefits, and other remuneration connected to her employment and/or employment opportunities with UPMC Shadyside.

WHEREFORE, Plaintiff requests damages in an amount in excess of the mandatory arbitration limits of Allegheny County, including lost wages, benefits, liquidated damages,

reinstatement, and any other equitable relief as may be necessary to vindicate fully the rights and benefits to which Plaintiff is entitled under USERRA, including attorney's fees, litigation expenses, interests, and costs.

A JURY TRIAL IS DEMANDED.

### Count III

### Pennsylvania Wrongful Discharge

33.     Paragraphs 1 through 32 of this Complaint are incorporated by reference as if set forth at length herein.

34.     The public policy of the Commonwealth of Pennsylvania, as established by the PMAA, prohibits employers from discriminating against employees or prospective employees on account of their military obligations and/or from terminating and/or discharging any employee on account or as a result of any such obligations.

35.     Defendant violated the public policy of the Commonwealth of Pennsylvania by failing to employ and/or reemploy Plaintiff in an appropriate position following her return to work from active duty after having suffered an injury that temporarily and/or permanently affected her ability to work.

36.     Defendant's conduct was outrageous and carried out in an intentional manner and/or with reckless disregard for Plaintiff's rights as established by the Commonwealth of Pennsylvania to be free from discrimination and/or discharge on account of her military obligations.

37.     As a result of this violation, Plaintiff suffered a loss of earning capacity, lost wages, lost benefits, and other remuneration connected to her employment and/or employment opportunities with UPMC Shadyside.

38.    As a further result of this violation, Plaintiff suffered embarrassment, humiliation, emotional distress, and damage to her reputation and career.

WHEREFORE, Plaintiff requests damages in an amount in excess of the mandatory arbitration limits of Allegheny County, including lost wages, benefits, liquidated damages, reinstatement, and any other equitable relief as may be necessary to vindicate fully the public policy of the Commonwealth of Pennsylvania, including attorney's fees, litigation expenses, interests, and costs.

A JURY TRIAL IS DEMANDED.

Respectfully Submitted,

*[signature]*

Erin K. Rudert, Esquire

Kraemer, Manes and Associates, LLC
U.S. Steel Tower
600 Grant Street, Suite 660
Pittsburgh, PA 15219

7

## VERIFICATION

I, Arquita Coleman, Plaintiff herein, hereby verify that the facts above set forth in the foregoing Complaint in a Civil Action are true and correct or are true and correct to the best of my knowledge, information and belief. I understand that the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities).

Date: 8-8-2014

_Arquita Coleman_, Plaintiff